*S. B. Kemp* (*Huber, Kemp & Stainback* on the brief) for defendant.

## KIM CHUL SOON *v.* CITY AND COUNTY OF HONOLULU.

No. 1933.

ARGUED JANUARY 17, 1930. DECIDED MAY 17, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.
(Perry, C. J., dissenting.)

Action herein is in tort for damages for personal injury to plaintiff alleged to have been proximately caused by an agent and employee of the defendant through negligence imputed to the defendant. The injury is alleged to have been caused by the careless operation of an automobile truck owned by the defendant and driven by one Manuel Souza, defendant's employee, and to have been due in part to the defective eyesight of the said driver and to the defective steering gear and brakes of said truck. Plaintiff's declaration was demurred to upon the ground that the same failed to set forth sufficient facts to constitute a cause of action against the defendant. The case is before us upon the trial judge's reserved question, namely: "Should the demurrer of the defendant to the complaint be sustained upon any grounds stated in said demurrer?"

The defendant urges that the foregoing question should be answered in the affirmative upon the ground that said complaint showed affirmatively that in operating said automobile truck at the time and place of the accident above referred to the defendant, through its employee Souza, was acting in the exercise of a governmental, as distinguished from a ministerial or corporate, function, and that consequently under the rule adopted by this court in *Perez* v. *City and County of Honolulu*, 29 Haw. 656, 659, it appears that there is no liability on the part of the city and county for the injury. Let us examine the

allegations of the complaint with reference to the duties which were being performed by the city and county through the employment of its truck and driver at the time of the accident.

Paragraph 2 of the complaint charges "that on the 7th day of May, 1929, the defendant owned a certain automobile truck which was then and there bearing city and county license No. 324, which said truck was then and there used by the defendant in the transportation of carpenters and laborers and/or material and lumber and/or school janitor supplies." Paragraph 3 charges in part "that the defendant then and there employed one Manuel R. Souza to operate said automobile truck * * * he being then and there attached to the defendant building inspector's office as a truck driver in the school building construction and repairs and supply department on a monthly salary, without commission or warrant of any kind or description and subject to removal at the pleasure of his foreman and/or other superiors, a mere monthly employee." The last part of paragraph 4 alleges "that the said Manuel R. Souza, as such agent and servant of the defendant, was then and there operating said automobile truck in a southerly or Waikiki direction on said north King street, returning from transporting and conveying of certain said carpenters of the defendant from said Honolulu to the Leilehua school building in the district of Wahiawa."

From the foregoing premises it is argued by the defendant in its opening brief that the complaint shows affirmatively "that Souza was returning to town from transporting and conveying certain carpenters and materials for the purpose of making some needed repairs to the school buildings at Leilehua school when the accident in question occurred."

Upon the assumption that the complaint shows the facts above stated, the defendant submits that the demurrer presents three questions, namely: "(1) Is public education purely a function of government? (2) If so, is the repairing of school buildings an incident of education? (3) If so, is an automobile used by an employee in returning from a mission of government still performing a governmental function?"

The assumption upon which the foregoing questions are based is without foundation. The complaint does not contain the allegations above quoted from counsel's brief. Nowhere does it aver the purpose of the transportation of the carpenters to the Leilehua school building nor the nature of the work, if any, upon which they were there engaged. In view of the fact that the building inspector of the City and County of Honolulu has many duties in addition to those connected with the department of public instruction, some of which may be corporate and ministerial in their nature, in which trucks and drivers may be employed, we cannot assume in the absence of direct averment that the truck and driver in the instant case were engaged exclusively or at all upon a governmental errand in transporting carpenters to Leilehua or in returning thence without them to Honolulu. The mere averments that said truck on May 7, 1929, was owned by the City and County of Honolulu; that it was then used by the defendant in the transportation of carpenters and laborers and/or material and lumber and/or school janitor supplies; that Manuel R. Souza was employed by the defendant to operate said truck; that he was attached to the defendant building inspector's office as a truck driver in the school building construction and repairs and supply department, and that as such agent of the defendant, when the accident occurred, the said Manuel R. Souza was returning with said truck from transporting certain of

said carpenters from Honolulu to the Leilehua school building, do not so definitely show that the duties then being performed were of a governmental character and that they were not ministerial and corporate as to relieve the defendant of the necessity of answering and to preclude an opportunity on the plaintiff's part of introducing proof of the facts.

Defendant's question number two, namely, "Is the repairing of school buildings an incident of education," not being presented by the averments of the declaration, and questions one and three depending for their answers upon the answer to be given to question number two, it is not incumbent upon us at the present time to decide whether or not an automobile used by a city and county employee in returning from transporting carpenters and materials for the purpose of making some needed repairs to school buildings is thus performing a governmental function.

Except in the particulars above set forth it is not claimed that plaintiff's complaint is defective.

For the reasons above given, the reserved question is answered in the negative.

*H. E. Stafford* (also on the brief) for plaintiff.

*Hoon Wo Wong*, Deputy City and County Attorney (also on the briefs), for defendant.

### DISSENTING OPINION OF PERRY, C. J.

The plaintiff was struck and injured by an automobile and sues for damages. The allegations with reference to the ownership of the automobile and the duties of the driver are: that "the defendant owned a certain automobile truck which was then and there bearing city and county license No. 324, which said truck was then and there used by the defendant in the transportation of carpenters and laborers and/or material and lumber and/or school janitor supplies; that the defendant then and there

employed one Manuel R. Souza to operate said automobile truck; * * * he being then and there attached to the defendant building inspector's office as a truck driver in the school building construction and repairs and supply department on a monthly salary;" and "that the said Manuel R. Souza as such agent and servant of the defendant was then and there operating said automobile truck in a southerly or Waikiki direction on said north King street, returning from transporting and conveying of certain said carpenters of the defendant from said Honolulu to the Leilehua school building in the district of Wahiawa." There is nothing in the declaration to indicate that the driver at the time of the accident had deviated from the course of his duty or was not acting within the scope of his duty. On the contrary the statement is that he was then and there operating the truck "as such agent and servant of the defendant," from which the inference clearly is that he was acting within the scope of his duty.

The truck, it is alleged, was used by the defendant in the transportation of carpenters and laborers and Souza, the driver, was "then and there" attached to the building inspector's office "as a truck driver in the school building construction and repairs and supply department." It seems to me that this is the equivalent of saying that that was the driver's sole occupation and duty and that it sufficiently appears from these allegations that at the time of the accident he was "returning from transporting * * * said carpenters of the defendant * * * to the Leilehua school building" and that the carpenters were engaged in the construction of or repairs to that building.

In this view the question is raised as to whether the construction and repair of school buildings is a governmental function, with consequent immunity to the city and county for accidents arising from or connected with such construction and repairs. The decision of the major-

ity, however, to the effect that that question is not raised renders it unprofitable and unnecessary for me to set forth my views on that subject.